### Wytheville.

### SIMONS' ADM'R v. SOUTHERN RAILWAY CO.

#### JUNE 23, 1898.

1. RAILROADS—*Crossing Signal—Substitution of other Signals.*—It cannot be determined, as a matter of law, that a long, loud blast for a station signal is a sufficient substitute for the crossing signal of two sharp blasts at least three hundred yards before reaching the crossing required by the statute.

2. DEMURRER TO EVIDENCE—*Presumptions.*—Upon a demurrer to the evidence the court is required to make all the presumptions in favor of the verdict that a jury might have made had not the case been withdrawn from it.

3. RAILROADS—*Failure to give Crossing Signal—Relation of Negligence to the Injury.*—Proof of the failure of a railroad company to give the crossing signal required by statute, and of injury to the plaintiff, are not of themselves sufficient to support a verdict against the company. But such verdict will not be disturbed where the evidence tends to show that the injury would not have been inflicted, but for the failure of the company to give such signal.

Error to a judgment of the Circuit Court of Lunenburg county rendered May 20, 1896, in an action of trespass on the case wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*W. H. Mann* and *G. S. Wing,* for the plaintiff in error.

*Beverly B. Munford,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

About six o'clock on the evening of December 27, 1895, W. H. Simons, Walter and John Rutledge undertook to cross the tracks of the Southern Railway Company at a point a short distance south of Meherrin station. They were seated in an open vehicle drawn by one horse. Simons was driving. They had travelled during the course of the day a distance of about forty miles. They had no particular acquaintance with the road, but knew that they were approaching the point where it crossed the railway, and were driving cautiously and carefully, and keeping a sharp lookout. It was not raining, but no stars were visible, and the night was very dark. Just as they got upon the track a passenger train coming from the south struck the vehicle, killed Simons, broke the leg of Walter Rutledge, and John Rutledge, who occupied a seat with Simons the driver, escaped by leaping across the track in front of the engine.

This suit was brought to recover damages for the alleged negligent killing of Simons by the defendant company.

The declaration contains three counts, only one of which will be noticed. The second count states as the cause of action that " while the said W. H. Simons, without any fault on his part, was travelling along said public road, or highway, and over said railroad crossing, as he had the right to do, the said Southern Railway Company carelessly and negligently failed and refused to cause the whistle on its locomotive engine to be at least twice sharply sounded, not less than three hundred yards before, its locomotive reached the said highway crossing, and by reason of its said negligence, in so failing to blow, or cause to be blown, the whistle of its locomotive engine three hundred yards before reaching said crossing, and while the said W. H. Simons was travelling over said crossing, as he had a right to do, the said defendant negligently, carelessly, and wrongfully caused, or permitted, its said engine, to which was attached a train of cars, to be violently, and with very great speed, driven against and upon the wagon in which the said Simons was

riding, and against and upon the said Simons, inflicting fatal injuries, on account of which said injuries, so carelessly, negligently, and wrongfully inflicted by the said defendant on the said Simons, he, the said Simons, then and there died, to the damage of the said plaintiff $10,000."

Upon the trial the defendant demurred to the plaintiff's evidence, and the jury rendered a verdict for $8,500, upon which verdict the Circuit Court entered a judgment for the defendant, and the case is before us upon a writ of error granted by one of the judges of this court.

By an act of Assembly (Acts of Assembly 1893–'4, p. 827), it is provided " that a bell and a steam whistle shall be placed on each locomotive engine operated on any railway in this State, and said whistle shall be at least twice sharply sounded, not less than three hundred yards before a highway crossing is reached; provided that at street crossings within the limits of incorporated cities or towns the sounding of the whistle may be omitted, unless required by the council of any such city or town, and the company shall also be liable for all damages which shall be sustained by any person by reason of such neglect."

It is conceded that this case does not come within the exceptions named in the statute; that it was the duty of the company to sound its whistle as above prescribed; and that this duty was not performed. The negligence of the defendant company being thus established, it is only necessary to enquire whether the damages suffered by plaintiff's intestate were sustained " by reason of such neglect." The defendant in error relies upon the fact that at the whistling post, 484 yards to the south of the crossing, the station signal was sounded; that this signal, which is a loud, long blast, is in all respects a better and a more efficient warning of approaching trains than the two sharp blasts of the whistle required by the statute.

There is a discrepancy in the statement of witnesses as to the point at which the station signal was sounded, but taking

the view most favorable to the defendant in error, and conceding that the whistle was blown for Meherrin station at the whistling post, we cannot determine as matter of law that it was a sufficient substitute for the signal required by statute.

As was said by Judge Buchanan, in *Atlantic & Danville R. Co.* v. *Rieger*, 95 Va. 418, " The Legislature had determined where the whistle was to be sounded, and it was not for the court or jury to determine that sounding it at some other place or in some other manner was equally as good. The question which the jury had to determine was not whether one kind of warning was as good as another, but whether under all the circumstances of the case, although the defendant may have failed to sound the whistle in the manner required by statute, the plaintiff's injury was proximately caused by the defendant's negligence."

Granting, therefore, to the defendant that the station signal was sounded, as its counsel contends, it yet remains that upon the night in question the train of the defendant company approached the scene of the accident under the imputation of negligence resulting from a failure to obey the positive mandate of the statute law.

The evidence further shows that on the evening in question Simons and his companions passed Meherrin station going south at about six o'clock; that, as they passed along the county road in the direction indicated, the Southern Railway track was a short distance to their left; that about one half mile south of the station the county road turns to the left and crosses the railway obliquely, and that on the right of the county road there was a growth of bushes upon an embankment five or six feet higher than the level of the roadway. There is evidence tending to show that the approaching train could not have been seen from the roadway on account of the woods until a point was reached thirty feet from the centre of the track. (See testimony of Walter Davis.) After passing this point, the view again becomes obstructed for a distance of

ten or fifteen feet, and when within about eighteen feet of the track there is a space of six or eight feet through which a train approaching from the south is again visible when within two hundred feet of the crossing. The evidence shows, as has been stated, that the night was dark; that the horse driven by the plaintiff's intestate had gone a long day's journey and was fagged out; that Simons and his companions were moving slowly along the public highway, looking out for the crossing, which they knew to be near at hand, and listening for an approaching train. Under these circumstances their vehicle, while crossing the track, was struck by the engine, and Simons was instantly killed.

There was much discussion at the bar over minor controversies suggested by the evidence which we do not feel called upon to decide.

We do not feel qualified to discuss the laws of acoustics, and we deem it unnecessary to add to what has been said by this court upon the subject of positive and negative testimony, but are content with the views expressed upon that subject in *Southern Railway Co.* v. *Bryant*, 95 Va. 212.

Upon a demurrer to the evidence the court is required to make all the presumptions in favor of the verdict that a jury might have made had not the case been withdrawn from it. *Johnson* v. *C. & O. R. Co.*, 91 Va. 171. It is true that proof of the failure on the part of the railway company to give the signal required by statute, and proof of injury to the plaintiff, are not of themselves sufficient to support a verdict against the company. On the other hand, when it is said by courts and text-books that a causal connexion must be shown between the breach of duty or act of negligence and the injury, nothing more can be meant than that the evidence must tend to establish such a relation between them, as, according to the ordinary experience of mankind, warrants the conclusion that the injury would not have happened had not the negligence occurred. Nor will it be denied, we apprehend, that judgment

upon the demurrer should have been given for the plaintiff if there were facts before the jury from which it might have inferred that the conceded negligence caused the injury suffered.

Applying these principles to the facts, it seems to us manifest that the jury would have been well warranted in finding a verdict against the defendant in error.

We are of opinion that the Circuit Court should have entered judgment for the plaintiff in error.

*Reversed.*