# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## CHESAPEAKE & OHIO RAILWAY CO. v. HALL'S ADMINISTRATOR.

### March 11, 1909.

1. RAILROADS—*Personal Injury—Grade Crossing—Failure to Give Signals—Other Warnings.*—The personal representative of one killed at a grade crossing of a railroad is not entitled to recover of the railroad company although the statutory crossing signal was not given, if other warnings were given which in fact notified the deceased of the approach of the train, or would have notified him if he had been exercising ordinary care, so that he could have avoided the injury.

2. RAILROADS—*Personal Injury—Grade Crossing—Duty of Traveler—Failure to Give Signals—Contributory Negligence—Case at Bar.*—It is the duty of one about to cross a railroad at grade to make vigilant use of his eyes and ears to ascertain whether a train is approaching from either direction, and to make such use at a time when and place where looking and listening will be effective, and a failure to do so is, as a rule, such contributory negligence on his part will bar recovery.     The failure of the railroad company to give the statutory signal for the crossing is negligence, but does not excuse the performance of the traveler's reciprocal duties, and does not entitle the traveler to recover unless it was the sole proximate cause of the injury complained of.    In the case at bar, the proximate cause of the death of the plaintiff's intestate was a thoughtless disregard of the obvious duty to look and listen before going upon defendant's track, and there can be no recovery.

3. NEGLIGENCE—*Self-Imposed Emergency.*—The rule that a person confronted by a sudden emergency or peril is not required to exercise the degree of care required of prudent persons under ordinary circumstances is not applicable where the emergency is self-imposed.

4. RAILROADS—*Persons Approaching Track—Presumption—Last Clear Chance.*—Trainmen who see persons approaching a crossing

usually have the right to presume that they will not go on the track in front of a rapidly approaching train, and if they do so when it is too late to avoid injuring them, the doctrine of last clear chance has no application.

Error to a judgment of the Circuit Court of Hanover county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Henry Taylor, Jr.,* for the plaintiff in error.

*Leake & Carter* and *H. Carter Redd,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

The administrator of Laura Alice Hall, deceased, brings this suit to recover of the Chesapeake and Ohio Railway Company damages for its alleged negligent killing of the plaintiff's intestate at a public crossing at Beaver Dam, a station in the county of Hanover.

The case has been twice tried, the first trial resulting in a verdict in favor of the plaintiff, which verdict, on motion of the defendant company, was set aside. Upon the second trial, the same evidence as that taken on the first trial was introduced, to which the defendant demurred. The court overruled the demurrer to the evidence, and gave judgment in favor of the plaintiff for the damages which had been ascertained by the jury. The defendant company asks that this judgment be reversed, and that this court will, on the demurrer to the evidence, enter judgment in its favor.

On the day of the accident in question, the plaintiff's intestate was in Thompson's store at Beaver Dam station making some purchases, when Mr. Thompson came to the west door of

the store and called to his son, who was waiting on the deceased, and told him that the train which he, the son, had to meet was coming.   Thereupon, the younger Thompson and the deceased left the store together, the former with the declaration that he had to meet the train and running in the direction of the crossing which was very near the depot, while the deceased followed in her buggy until her horse was nearly across the track, when the buggy was struck by the engine of an east-bound passenger train and she was killed.

There was a train shortly due at Beaver Dam from the east going west, a fact known to the deceased, and it is claimed that it was this train she supposed was coming, and not one from the west.

From Thompson's store to the little bridge in the county road where she turned to cross the track, a distance of more than 100 yards, she was facing east, and could see the railroad from that direction for a distance of more than $\frac{1}{4}$ of a mile. The deceased, therefore, had ample opportunity to discover that no train was in sight from that direction; besides, no train coming from the east was a source of danger to anyone crossing the track, because, as shown, all west-bound trains stop before reaching or just as they reach the crossing to take water.

The train by which plaintiff's intestate was killed was the second section of a passenger train, running east at a rate of speed variously estimated at from forty to sixty miles per hour. On the demurrer to the evidence it must be taken as proven that the engineer did not sound the crossing signal, nor ring the bell, as prescribed by the statute.   The station whistle was blown, however, and such other noises made by the approaching train that practically every one about the crossing heard and knew that the train was rapidly approaching.   Although the statutory crossing signals were not given, yet if the defendant gave another or other warnings which in fact notified the plaintiff's intestate of the approach of the train, or which would have given her notice if she had been exercising ordinary care,

so that she could have avoided the injury, she would not have been entitled to recover. *A. & D. R. Co.* v. *Reiger,* 95 Va. 418, 28 S. E. 590; *Simmons* v. *Southern Ry. Co.,* 96 Va. 152, 31 S. E. 7.

Admitting, however, that the defendant was guilty of actionable negligence in approaching the crossing without sounding the warnings required by statute, the plaintiff could not recover in this case, because his intestate is clearly shown to have been guilty of contributory negligence.

It is not to be lost sight of, in a case like this, that the negligence of the railroad company does not excuse the performance of the traveler's reciprocal duties. Such negligence does not entitle the plaintiff to recover unless it be the sole proximate cause of the injury complained of. It is the duty of the traveler in the full enjoyment of his faculties of hearing and seeing, upon a highway approaching a railroad crossing, before he attempts to drive or pass over, to exercise a proper degree of care and caution, and to make vigilant use of his eyes and ears for the purpose of ascertaining whether a train is approaching; and if by a proper use of his faculties he could have escaped injury and fails to do so, and is injured, he is chargeable with contributory negligence, and cannot maintain an action against the company; and this rule applies, although the railroad company fails to give the proper cautionary signals. He must look in every direction that the rails run to make sure that the crossing is safe, and his failure to do so will, as a general rule, be deemed culpable negligence; and the looking and listening must be when to look and listen will be effective. The duty to look and listen imposed upon a traveler on a highway approaching a railroad crossing is a continuing duty, and if there is any point at which, by looking and listening, a person injured could have avoided the accident, and failed to do so, then he has neglected to discharge a duty which the law imposes, and his contributory negligence defeats a recovery for the injury. These principles are firmly established, and

are reiterated in numerous decisions of this court. *Southern Ry. Co.* v. *Hansbrough,* 107 Va. 742, 60 S. E. 58, 1 Va. App. 701; *Smith* v. *N. & W. Ry. Co.,* 107 Va. 729, 60 S. E. 56, 1 Va. App. 773; *Southern Ry. Co.* v. *Jones,* 106 Va. 412, 56 S. E. 155; *Stokes' Admr.* v. *Southern Ry. Co.,* 104 Va. 817, 52 S. E. 855; *Brammer's Admr.* v. *N. & W. Ry. Co.,* 104 Va. 50, 51 S. E. 211.

From Thompson's store to the little bridge in the county road was a very short distance. When the plaintiff's intestate turned at the bridge to proceed across the railroad track, she could see west along the railroad an approaching train for a distance of 685 feet. Her father was on the opposite side of the track and in front of her, and shouted at her and waved to her with the object of getting her to turn off and not go upon the track in front of the approaching train, but his efforts to attract her attention were as unavailing as the roaring of the train which had apprised everyone else of its approach. As she approached the track from the bridge, she could see farther and farther west, and when she was twenty-nine feet from the center of the track, had she looked, she could have seen a train approaching from the west for a distance of more than 3,000 feet.

It is manifest that after turning at the bridge she did not once look to the west. Had she done so, it would have been impossible for her to have failed to both see and hear this fast approaching train, which, according to the plaintiff's testimony, was rumbling so as to shake the ground and houses in the vicinity of the depot and crossing. The facts of this case admit of no other conclusion, than that this unfortunate lady never once looked to the west to ascertain if the crossing was safe from danger in that direction until her horse was on the rails, when it was too late to avert the calamity which inevitably followed. Why she did not look we do not know, but it is clear that her thoughtless disregard of this obvious duty was the proximate cause of her death, and precludes the right of recovery.

It is claimed that the deceased, a woman, was in a perilous position, and that a person in an emergency or great peril is not required to exercise the prudence required of prudent persons under ordinary circumstances.

This principle does not apply in a case like this, where the party has been brought into the peril which disturbs the judgment by his own fault. It is only applicable where the person has been placed in the situation of danger by the negligence of the defendant, not united with his own negligence. *Smith v. N. & W. Ry. Co., supra.*

Nor has the doctrine of the last clear chance any application to the facts of this case. The fireman first saw the deceased when she was about to turn upon the little bridge in the direction of the crossing, but he did not know that she was going to attempt to cross, and he had a right to presume that she was not going to drive on the track in front of a rapidly moving train in plain view. *Southern Ry. Co. v. Daves,* 108 Va. 378, 2 Va. App. 309. When he realized that she was going to attempt to cross, there was nothing that he could do to save her. He did not even have time to call to the engineer.

The judgment of the circuit court, upon the demurrer to the evidence, in favor of the plaintiff must be reversed and set aside, and this court will enter such judgment as the circuit court ought to have entered in favor of the defendant.

*Reversed.*