## Wytheville.

## NORFOLK AND WESTERN RAILWAY COMPANY V. F. DEHART DISTILLING COMPANY.

June 10, 1920.

1. INTOXICATING LIQUORS — *Carriers* — *Shipment Into No-License Territory—Illegal Contract.*—Under Acts 1908, pp. 275, 281, 282, it was unlawful for common carriers to transport large quantities of liquor into no-license territory, so that a contract of carriage of 133 gallons of apple brandy, to be transported by the defendant carrier into Giles county, which was then no-license territory, was an illegal contract.

2. INTOXICATING LIQUORS — *Carriers* — *Shipment Into No-License Territory—Illegal Contract—Case at Bar.*—In the instant case, the plaintiff, a manufacturer and wholesale dealer in ardent spirits, on October 27, 1916, delivered to the defendant, a common carrier at a place where at that time it was lawful to manufacture and sell ardent spirits, 133 gallons of apple brandy, to be transported by the defendant to a place in Virginia in no-license territory, and there to be delivered to the consignee. The brandy did not arrive until after November 1, 1916, when the State-wide prohibition law went into effect, and it was unlawful for the defendant to deliver the shipment to any one. In an action for damages by the plaintiff against the defendant for breach of this contract of carriage, defendant interposed the defense that if it be granted that its failure to deliver the shipment to the consignee, prior to the going into effect of the State-wide prohibition law, was due to its negligent delay; nevertheless the transportation of the shipment of ardent spirits into no-license territory was unlawful at the time the shipment was delivered to the defendant and that the contract of carriage was therefore unlawful at the time it was entered into, and that no damages could be recovered by the plaintiff for the breach of such contract.

   *Held:* That the defense was a good one.

3. ILLEGAL CONTRACTS—*Defense Not Favored.*—The defense of illegality of a contract, interposed by one of the parties to it for the purpose of escaping its obligation, is not one favored in the law; the maxim, *"Homo allegans suam turpitudinem*

*audiendus est,"* makes a strong appeal in a court of justice; and there are many situations in which the courts will either not consider the particular contracts as necessarily illegal, or will regard the parties as *in pari delicto,* and will not lend an ear to either of them. But courts will not aid a party to enforce an agreement made in furtherance of objects forbidden by statute or to recover damages for its breach.

4. Carriers—*Illegal Contracts.*—Where the transportation which is, the subject of the contract of carriage is forbidden by statute, there is no other course left open for the court to pursue, except to deny aid to either party to such a contract to recover damages for its breach.

5. Appeal and Error—*Judgment of Appellate Court—Dismissal.*— Under section 6365, Code of 1919, providing that the appellate court shall reverse the judgment, in whole or in part, if erroneous, and enter such judgment, decree, or order as to the court shall seem right and proper and shall render final judgment upon the merits whenever, in the opinion of the court, the facts before it are such as to enable the court to attain the ends of justice, where the Supreme Court of Appeals reverses a judgment in favor of a plaintiff against a carrier on the ground that the contract of carriage was illegal, it will order that the case be dismissed.

Error to a judgment of the Circuit Court of Henry county, in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendant assigns error.

*Reversed and dismissed.*

This is an action for damages for breach of a contract of carriage by a common carrier. The plaintiff in error was the defendant and the defendant in error was the plaintiff in the court below. They will be hereinafter referred to in accordance with such positions.

The plaintiff, a manufacturer and wholesale dealer in ardent spirits, on October 27, 1916, delivered to the defendant, a common carrier, at Philpot, Henry county, Virginia (in which it was lawful at that time to manufacture and sell ardent spirits), 133.65 gallons of apple brandy, to be transported by the defendant to Glenlyn, Giles county, Virginia (which, under a special statute, Acts 1916, p.

208, was then no-license territory), and there to be delivered to one J. C. Clark, the consignee. The consignee lived at Camp creek, Mercer county, West Virginia, but had ordered the brandy to be shipped to him, as was done, to Glenlyn, Giles county, Va. He was at the latter place, for the purpose of receiving the shipment, on October 30 and 31, 1916, but it did not arrive until after November 1, 1916, when the State-wide prohibition law went into effect in the State of Virginia. On the arrival of the shipment at its destination, after the prohibition law had gone into effect, it was unlawful for the defendant to deliver the shipment to any one, and it was accordingly, on November 5, 1916, reshipped to Philpot, Va., the point of origin of the shipment, where also, under the prohibition law then in effect, it was unlawful for the defendant to deliver it to anyone, and it was accordingly, after notice to the plaintiff of the situation, stored by the defendant in its warehouse there, where it remained for about a year, when the warehouse was broken into and the liquor was stolen.

Among others, the defense to the action interposed by the defendant is that if it be granted that the failure to deliver the shipment to the consignee, prior to the going into effect of the State-wide prohibition law making the delivery thereafter unlawful, was due to the negligent delay in the carriage thereof by the defendant, the transportation of the shipment of such ardent spirits into the no-license territory aforesaid was unlawful at the time the shipment was delivered to the defendant, and that the contract of carriage was therefore unlawful at the time it was entered into, and that no damages can be recovered by the plaintiff for the breach of such a contract.

There was a verdict and judgment in favor of the plaintiff.

*Whittle & Whittle*, for the plaintiff in error.

53

*J. M. Hooker,* for the defendant in error.

Sims, J., after making the foregoing statement, delivered the following opinion of the court:

[1, 2]   As held in *Brewing Co.* v. *Southern Express Co.,* 109 Va. 22, 63 S. E. 6, under the statute (Acts 1908, pp. 275, 281-2), which was in force when the cause of action in the case in judgment arose, it was then unlawful for common carriers to transport "large quantities of liquor into no-license territory."

Therefore, the contract of carriage in the case in judgment was an illegal contract, being one forbidden by law.

[3, 4]   It is true that the defense of illegality of a contract interposed by one of the parties to it for the purpose of escaping its obligation, is not one favored in the law; the maxim *"home allegans suam turpitudinem audiendus est,"* makes a strong appeal in a court of justice; and there are many situations in which the courts will either not consider the particular contract as necessarily illegal or will regard the parties as *in pari delicto* and will not lend an ear to either of them. But, as stated in 2 Elliott on Contracts, sec. 1064: "It is a well settled principle of law that the courts will not aid a party to enforce an agreement made in furtherance of objects forbidden by the statute * * or to recover damages for its breach * *." And where the transportation which is the subject of the contract is forbidden by the statute, there is no other course left open for the court to pursue except to deny aid to either party to such a contract to recover damages for its breach. See also authorities cited in *Levy* v. *Davis,* 115 Va. 814, 80 S. E. 791.

[5]   The judgment under review must, therefore, be reversed, and, under our present statute (Code 1919, sec. 6365), the case will be dismissed.

*Reversed and dismissed.*