Syllabus.

## Wytheville.

## THE CHESAPEAKE AND OHIO RAILWAY COMPANY V. J. P. GAYLE, TRADING UNDER THE FIRM NAME AND STYLE OF J. P. GAYLE SUPPLY COMPANY.

### June 15, 1922.

1. CROSSINGS—*Collision with Automobile—Questions of Law and Fact —Case at Bar.*—In the instant case, an action for damages for damage to an automobile struck by defendant's engine, defendant claimed that the headlight on the engine was a very strong one; that the statutory signals were sounded; that a stationary crossing bell was ringing; that it could not be held liable because entirely free from negligence; and that the collision was due to the gross negligence of the driver of the automobile. Plaintiff's evidence tended to prove that the signals required by law were not sounded; that the driver was lulled into a sense of security because the stationary bell was not ringing, and that he did not discover the approaching train until the danger was imminent and the injury unavoidable.

   *Held:* That the question of defendant's liability was clearly one of fact for the determination of the jury, and their finding was conclusive unless there was some harmful error committed during the trial.

2. INSTRUCTIONS—*Number of Instructions—Case at Bar.*—In the instant case, where the questions of fact were simple and the questions of law well settled, the jury would have been probably better aided by a single instruction presenting the conflicting views of the parties under the evidence than by the fourteen instructions given.

3. CROSSINGS—*Collision with Automobile—Speed of Train—Instructions.*—In an action for damage to an automobile by collision with a train at a crossing, the jury were instructed that if they believed that the crossing was a dangerous one, and that defendant ran its train while approaching the crossing at an unreasonable and excessive rate of speed, or failed to sound its electric gong located at the crossing, and that such speed or failure to sound the gong was negligence on account of the

dangerous nature of the crossing, and such negligence was the proximate cause of the injury to plaintiff's car, they should find for plaintiff. It was objected to this instruction that it submitted the speed of the train to the jury as an act of negligence sufficient to justify a recovery. An instruction, however, for defendant told the jury that the mere speed of the train was not *per se* evidence of negligence, and reading all the instructions together, the jury could not have been misled.

4. CROSSINGS—*Statutory Signals—Recovery where the Statutory Signals are not given, notwithstanding the Contributory Negligence of Plaintiff—Mitigation of Damages.*—Under section 3959 of the Code of 1919, although it sufficiently appears that the driver of an automobile struck by a train at a crossing was guilty of negligence which, before that statute was enacted, would have barred any recovery, there may be a recovery, notwithstanding such negligence if defendant railroad failed to give the crossing signals required by law, though the jury should consider such negligence in mitigation of damages.

5. CROSSINGS—*Evidence—Failure of Crossing Bell to Ring Upon Other Occasions.*—In an action for damage to an automobile struck by a train at a crossing, an exception was taken to the introduction of certain evidence as to previous occasions on which the electric automatic gong at the crossing failed to ring the alarm when a train was approaching. It is a matter of common knowledge that electrically operated automatic devices do get out of order at times and fail to operate. The court, in the instant case, limited the inquiry to a very recent period before the accident, and even if the evidence was too remote in point of time, the error, if any, must be regarded as harmless.

Error to a judgment of the Circuit Court of the city of Williamsburg and county of James City in an action of trespass on the case.

*Affirmed.*

The opinion states the case.

*Henry Taylor, Jr.,* and *Lett & Massie,* for the plaintiff in error.

*Henley, Hall, Hall & Peachy,* for the defendant in error.

Prentis, J., delivered the opinion of the court.

A train of the Chesapeake and Ohio Railway Company, hereafter called the company, struck an automobile belonging to the defendant in error, hereafter called the plaintiff, at a crossing not far from the city of Williamsburg, on the public concrete road leading from Penniman to Williamsburg. This action followed, in which there was a verdict and judgment in favor of the plaintiff, of which the company is complaining.

[1] The railway track is straight for about two miles east of the crossing, while the county road, as it approaches the railway tracks from the east, runs in the same general direction, converging with and crossing them obliquely, thus forming a sharp acute angle between the county road and the track going west. The railway track was depressed for a considerable distance east of the crossing, and the view of an approaching train from the county road was still further obstructed there by some weeds growing on the right of way, as well as by a field of corn growing on private property just at the apex of the angle. The automobile was new, held for sale by the plaintiff as a dealer, and was being driven by his agent, and the accident occurred at night. For the company, it is claimed that the headlight on the engine was a very strong one, that the statutory signals were sounded in strict accordance with the law, that a stationary crossing bell was ringing as the train approached, that it cannot be held liable because entirely free from negligence, and that the collision was solely due to the gross negligence of the driver of the automobile. On the other hand, the evidence for the plaintiff tends to prove that the signals required by law were not sounded; that the driver of the machine was lulled into a sense of security because the stationary warning bell was not ringing, and that he did not discover the approaching train until the danger was

imminent and the injury unavoidable. This being the state of the evidence, the question is clearly one of fact for the determination of the jury, and their finding is conclusive unless there was some harmful error committed during the trial.

It is claimed by the company that there is such hopeless obscurity and conflict in the instructions that the verdict should be set aside for this reason.

[2] Fourteen instructions were given, eight at the request of the plaintiff and six upon motion of the company—certainly far too many in such a case as this in which the questions of fact were so simple and the questions of law so well settled. The jury would have been probably better aided by a single instruction presenting the conflicting views of the parties under the evidence; certainly, two would have been amply sufficient.

[3] The only instruction given for the plaintiff about which there can be any fair question, in our view, is No. 5, reading thus:

"The court instructs the jury that if you believe from the evidence that the crossing at which the accident complained of occurred was rendered dangerous by reason of the amount of travel over it, or by reason of obstruction to a clear view of the tracks, and that the defendant ran its train while approaching said crossing at an unreasonable and excessive rate of speed, or failed to sound its electric gong located at said crossing, and that such speed of said train or failure to sound said gong was negligence on the part of the defendant on account of the dangerous nature of the crossing, and if you further believe that such negligence was the proximate cause of the injury to plaintiff's car, then you may find for the plaintiff."

The objection to that instruction is the allusion therein to the fact that the train was running quite rapidly (the evidence shows the speed was fifty miles an hour), and that

it submitted this to the jury as an act of negligence sufficient to justify a recovery. It is, however, noted that instruction "B" for the company expressly told the jury that the mere speed of the train is not *per se* evidence of the negligence of the company, and reading all of the instructions together, it seems to us that the jury could not possibly have misunderstood the true and decisive issues of fact submitted to them; those issues being whether or not the company was negligent in failing to sound the signals required by law, or because of the alleged failure of the electric gong located at the crossing to ring; or, on the other hand, whether the negligence of the driver of the machine was the cause of the injury. The excessive rate of speed referred to in instruction five is merely one of the attendant conditions. It is vigorously urged for the company, and with good reason, that if the driver of the automobile had been exercising ordinary care in approaching the crossing, the headlight of the train and the train itself could easily have been seen, notwithstanding the obstructions to his vision. If this is true, it may be also reasonably urged that the engineman should have seen the lights of the automobile as it gradually approached the crossing, and that, therefore, it was fair to direct the attention of the jury to the excessive rate of speed, because if the engineman did see the approaching automobile, it was at least his duty to take note of it, and if it appeared that the driver of the machine was unconscious of his peril, to reduce the speed of the train and bring it under control if possible. If, instead of putting the speed of the train and the failure to sound the electric gong in the alternative, the word "and" had been used, the instruction would have been unobjectionable under the facts of this case. The court gave for the company several very clear instructions, which the jury could hardly have misunderstood. They were clearly told that the burden was upon the plaintiff to show the negli-

gence of the company, either in the failure to ring the crossing gong or to sound the statutory signals, and that the plaintiff could not recover unless this was proved by a preponderance of the testimony. They were further told that if the statutory signals were sounded and the agent of the plaintiff was guilty of negligence contributing proximately to the injury, they must find for the company. They were told that the driver had no right to proceed to cross the track without looking and listening for the train; that the greater the danger, the greater was the measure of his duty; that this duty continued until he reached the track, and that if the circumstances required it, he should have stopped and looked and listened in order to assure himself that no train was approaching, and that the plaintiff could not recover under the first and second counts of the declaration if the driver failed to perform his duty in this respect. They were further told that if the crossing gong was ringing as the driver approached the track, then his failure to hear the ringing of the bell or to see the approaching train in time to avoid the injury was such negligence that the plaintiff could not recover on the first and second counts of the declaration, and that he could not recover under the third count if they believed from the evidence that the statutory signals were sounded. They were also told that if they believed that the negligence of the plaintiff's agent at the crossing was the proximate efficient cause of the accident, they should find for the defendant. *Washington & O. D. Ry.* v. *Zell,* 118 Va. 756, 88 S. E. 309; *Canody* v. *N. & W. Ry. Co.,* 129 Va. 56, 105 S. E. 585. Taking all of these instructions together, we conclude that, notwithstanding the apparent error in instruction No. 5, the jury could not possibly have misunderstood the issues submitted to them, that there has been a fair trial on the merits, and hence that such error does not justify a reversal. (Code

1919, secs. 6104, 6331.) *Standard Paint Co.* v. *Vietor,* 120 Va. 595, 91 S. E. 752.

[4] Code 1919, section 3959, provides: "If the employees in charge of any railroad engine or train fail to give the signals required by law on approaching a grade crossing of a public highway, the fact that a traveler on such highway failed to exercise due care in approaching such crossing shall not bar recovery for an injury to or death of such traveler, nor for an injury to or the destruction of property in his charge, where such injury, death, or destruction results from a collision on such crossing between such engine or train and such traveler or the property in his charge, respectively, but the failure of the traveler to exercise such care may be considered in mitigation of damages."

Applying this section, the court, at the instance of the plaintiff, gave instruction No. 1, as follows: "The court instructs the jury that the statute law of this State required the defendant to sound sharply the steam whistle of its engine twice at a distance of not less than 300 yards and not more than 600 yards from said crossing, and to ring the bell of said engine or blow the said whistle continuously or alternately until its engine had reached said crossing, and if you believe from the evidence that the defendant failed to perform any of its above-mentioned statutory duties, in any particular, and that the plaintiff's car was injured and destroyed by the engine or train of the defendant, then you shall find for the plaintiff, and if you believe from the evidence that the driver of plaintiff's car was negligent in any respect in approaching or attempting to cross said crossing, you should, nevertheless, find for the plaintiff, but you may consider the driver's negligence, if any, in mitigation of damages."

On motion of the company, the court also gave instruction "H," which reads thus: "Even if you believe that the plaintiff has established by a preponderance of evidence

that the agents of the defendant did not blow the whistle or ring the engine bell, as provided by law, and that the plaintiff should be entitled to recover because of this omission, and if you further believe from the evidence that the plaintiff was guilty of contributory negligence under the other instructions of the court, then the court instructs you that you will reduce the amount of the actual damages. established by him in proportion to the neglect or want of care attributable to him."

So that, although it sufficiently appears here that the driver of the machine was guilty of negligence which, before that statute was enacted, would have barred any recovery, now there may be a recovery, notwithstanding such negligence, if the company failed to give the crossing signals required by law, though the jury should consider such negligence in mitigation of damages.

The jury appears to have intelligently grasped the meaning of the statute as construed by the two instructions last quoted, for apparently they found both the company and the plaintiff's driver guilty of negligence, but, in obedience to instruction "H," undertook to "reduce the amount of the actual damages established by him (the plaintiff) in proportion to the neglect or want of care attributable to him." The plaintiff showed that it was a new automobile, having a ready market or sale value of $2,478.60; that its salvage value was about $500, and that it would cost from $1,600 to $1,700 to restore the car as nearly as possible to its former condition. The verdict of the jury was for $1,235, which indicates that both parties were held to be negligent, and that the damages have been mitigated or reduced in proportion to the negligence fairly attributable to the plaintiff's agent, the driver of the machine.

[5] There are also exceptions to the introduction of certain evidence as to previous occasions on which the electric automatic gong at the crossing failed to ring the alarm when

a train was approaching. It is sufficient to say as to these exceptions, that it is a matter of common knowledge that electrically operated automatic devices do get out of order at times and fail to operate. The court, in this case, limited the inquiry to a very recent period before this occurrence, and even if the evidence admitted was too remote in point of time, the error, if any, must be regarded as harmless.

Our conclusion then is to affirm the judgment.

*Affirmed.*