𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## FRANK G. GREGORY v. SEABOARD AIR LINE RAILWAY COMPANY.

### May 28, 1925.

1. CROSSINGS—*Contributory Negligence—Proximate Cause—Comparative Negligence—Section 3959 of the Code of 1919—Case at Bar.*—The instant case arose out of the destruction of plaintiff's automobile truck at a crossing. Plaintiff, before reaching the crossing, when his vision of the track was obstructed by a store and he could only see about three hundred and fifty feet of the track, looked toward the approaching train and did not see it. He then continued toward the crossing, looking along the track in the opposite direction. If, after passing the corner of the store he had looked again toward the approaching train he could have seen the railroad for about a thousand feet, and his line of vision increased until at the crossing he could have seen the train for about a mile and a half. The evidence was conflicting as to the giving of crossing signals, and there was testimony that the roar of the train could he heard for about a mile. Defendant denied that he heard the station signal or roar of the train, and his conduct in jumping from his truck when he discovered his peril tends to corroborate that fact. The jury found a verdict for the plaintiff which the trial court set aside and entered judgment for the defendant.

   *Held:* That under section 3959 of the Code of 1919, this action of the trial court was error.

2. CROSSINGS—*Signals—Failure to Give Signals as Negligence.*—It is the duty of a railroad to give the statutory crossing signals and its failure to do so is negligence which entitles the plaintiff to recover if such negligence caused the injury complained of.

3. CROSSINGS—*Contributory Negligence—Duty to Look and Listen.*—It is the duty of one approaching a railroad crossing to look and listen for approaching trains when and where such exercise of his senses will be effective, and his failure to exercise due care constitutes contributory negligence.

4. CROSSINGS—*Comparative Negligence—Section 3959 of the Code of 1919.*— Section 3959 of the Code of 1919 introduced into the law the doctrine of comparative negligence as applied to injuries occurring at rail-

road grade crossings, but the burden of proof is still upon the plaintiff to prove that the operators of the train failed to give the statutory signals, and that such failure caused the injury, while the burden of proof is upon the railroad company to prove the plaintiff's contributory negligence, or that the plaintiff's negligence was the sole proximate cause of the injury. These are matters of fact to be ascertained by the jury from the evidence, under proper instructions from the court, as well as the amount that the damages should be mitigated by reason of the lack of due care by the plaintiff.

5. NEW TRIAL—*Conclusiveness of Verdict—Trial Court Entering Judgment That is Right and Proper—Section 6251 of the Code of 1919.*—Before, under section 6251 of the Code of 1919, the trial court can enter such judgment as seems to it to be right and proper, the initial step of setting aside the verdict of the jury must be taken and this can be taken only where there is no evidence at all to support the verdict, or else the verdict is plainly contrary to the evidence. If there is conflict of testimony on a material point, or if reasonably fairminded men may differ as to the conclusions of fact to be drawn from the evidence, or if the conclusion is dependent upon the weight to be given the testimony, in all such cases the verdict of the jury is final and conclusive, and cannot be disturbed, either by the trial court or by the appellate court; or if improperly set aside by the trial court it will be reinstated by the appellate court. But with all the respect that is justly due to the verdict of a jury, and which is freely accorded to it, if there has been "a plain deviation from right and justice," even a court of law will not make itself a party to such a wrong by entering up judgment on it.

6. STATUTES — *Crossings — Signals — Mandatory — Warnings Equally as Good.*—The legislature has made the crossing signals mandatory, and it is not for the court or jury to determine that some other warnings are equally as good. The question to be determined is not whether one kind of warning was as good as another, but whether, under all the circumstances of the case, the defendant's failure to give the crossing signals as required by statute contributed to the plaintiff's injury.

7. CROSSINGS—*Concurring Negligence—Section 3959 of the Code of 1919— Question for Jury—Case at Bar.*—In an action for the destruction of an automobile truck at a crossing where the evidence was conflicting, under section 3959 of the Code of 1919, the question of the concurring negligence of the parties was clearly one of fact for the determination of the jury as well as the apportionment of the fault, and their finding was conclusive. Reasonable men might honestly differ as to whether plaintiff heard the roar of the train and knew it was approaching, therefore the court could not hold, as a matter of law, that the plaintiff's negligence was so gross as to bar recovery, and that

the sole proximate cause of his damage was that, with knowledge of the approaching train, he heedlessly drove upon the track.

Error to a judgment of the Circuit Court of Dinwiddie county, in an action of trespass on the case. Judgment for defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Goode & Barrow,* for the plaintiff in error.

*Munford, Hunton, Williams & Anderson* and *Whiting C. Faulkner,* for the defendant in error.

CHRISTIAN, J., delivered the opinion of the court.

Frank G. Gregory brought an action in the Circuit Court of Dinwiddie county against the Seaboard Air Line Railway Company, a corporation, to recover $5,000.00 damages for the destruction of his automobile truck in a collision with one of the defendant's fast trains at Burgess station in that county on the 19th day of April, 1923. The jury that tried the case rendered a verdict for $2,500.00, which the court, upon motion of defendant, set aside, and by virtue of section 6251 Code of Virginia, 1919, entered judgment for the defendant. The case is before us for review of this action of the circuit court.

[1] There was a considerable quantity of evidence submitted to the jury by both parties, but the issue for decision is in such a narrow compass, and has been argued on both sides with such ability, that it will not be necessary to detail much of the evidence but only sufficient facts to intelligently apply the law.

At Burgess station, where the collision occurred, the railroad of the defendant is straight for the distance of three miles, or a mile and a half both south and north of the crossing. From the national highway, which runs in the same general direction as the railroad and about a half mile therefrom, runs east to Burgess station what is known as the Burgess road. This road approaches the grade crossing going east at an angle of about forty-five degrees until about forty feet from the railroad, when it bends to the right and crosses the railroad at right angles and continues east. This road is generally level until within twenty-one feet of the crossing when a grade commences and extends to the crossing, which is about three feet above the general level. There is situated on the right or southern side of the Burgess road a building used as a store and dwelling, the eastern corner of which is located seventy-five feet from the railroad. The distance from the northeast corner of that building to the railroad along the highway is between eighty-four to one hundred feet.

On December 19, 1921, about 12:30 p. m., the plaintiff was driving his automobile truck loaded with staves to the crossing at Burgess station, at a rate of about four or five miles an hour, and at the same time a through express train approached the crossing from the south. Just before the plaintiff reached the east corner of the store he looked south where he could see the railroad for three hundred and fifty feet, and then continued to look north where there were several buildings obstructing the view of the track until the front wheels of his truck were nearly upon the track, when he looked and saw the fast moving train upon him but too late to stop the truck, but jumped from it in time to save his life; the truck ran upon the track; was struck by the engine and demolished; the engine, tender and two express cars were de-

railed and the engine turned upon its side. After passing the east corner of the store, had the plaintiff looked south he could have seen the railroad in that direction for one thousand feet, and his line of vision increased until at the crossing he could have seen the train for a mile and a half. The evidence was conflicting as to the giving of the crossing signals and the verdict of the jury settled this issue in favor of the plaintiff. But it was in evidence by witnesses near the crossing that the station signal was blown about a mile from the station and the roar of the train could be heard for about a mile. The defendant denied he heard the station signal or roar of the train, and his conduct in jumping from his truck when he discovered his peril tends to corroborate that fact. The court and jury had a view of the scene of the accident and its surroundings.

[2, 3] The court correctly instructed the jury in reference to the duty of the defendant company to give the statutory crossing signals and that its failure to do so was negligence upon its part which entitled the plaintiff to recover if such negligence caused the damage to his truck. It also properly instructed the jury as to duty of the plaintiff upon approaching the railroad crossing to look and listen for approaching trains when and where such exercise of his senses would be effective, and that his failure to exercise due care would constitute contributory negligence.

[4] The evidence in the case presented to the jury a case of concurrent negligence which the law as it stood prior to the enactment of section 3959 Virginia Code of 1919 would not apportion, and the contributory negligence of the plaintiff would have barred any recovery. But section 3959, *supra*, did not change in any way the law of negligence. Its purpose is expressed by the revisors as follows: "This section is new, and changes the

holding in *Atlantic & D. Ry. Co.* v. *Reiger*, 95 Va. 418,
28 S. E. 590; and *Simon's Adm'r* v. *Southern Ry. Co.*, 96
Va. 152, 31 S. E. 7.   These cases were decided under
Acts 1893-4, page 827, somewhat similar to what is now
section 3958 of this Code.   Injuries and deaths at grade
crossings were becoming so numerous that the revisors
were constrained to recommend this additional legisla-
tion, the object of which is to require, for the safety of
travelers, a more rigid compliance with the preceding
section.   The new section abolished the doctrine of con-
tributory negligence on the part of the traveler in those
cases where the operators of trains fail to give the statu-
tory signals, and instead of excluding such a traveler
from all recovery, as was the case under the former law,
it allows him or his representative to recover; but as it
did not seem just to place a traveler who had failed to
exercise due care on the same footing with one who had
exercised such care, the section allows the jury to con-
sider the negligence of the traveler in mitigation of
damages.''   Thus was introduced into the law the doc-
trine of comparative negligence as applied to injuries
occurring at railroad grade crossings, but the burden of
proof is still upon the plaintiff to prove that the opera-
tors of the train failed to give the statutory signals, and
that such failure caused the injury, while the burden of
proof is upon the railroad company to prove the plain-
tiff's contributory negligence, or that the plaintiff's neg-
ligence was the sole, proximate cause of the injury.
These are matters of fact to be ascertained by the jury
from the evidence under proper instructions from the
court as well as the amount that the damages should be
mitigated by reason of the lack of due care by the plain-
tiff.   *Norfolk & Western Railway Co.* v. *Simmons*, 127
Va. 419, 103 S. E. 594; *C. & O. Railway Co.* v. *Gayle*, 132
Va. 433, 112 S. E. 785.

The court correctly instructed the jury upon the measure of damages, as well as the other issues presented for decision, and the jury found for the plaintiff and fixed his damages at $2,500.00, which verdict the court set aside, and entered judgment for the defendant.

[5] The defendant company claims that this action of the learned judge of the trial court was warranted by section 6251 of the Code of Virginia, 1919. The section in terms provides that: "Nothing in this section contained shall be construed to give to trial courts any greater power over verdicts than they now have under existing rules of procedure." In the case of *W. S. Forbes & Co.* v. *Southern Cotton Oil Co.*, 130 Va. 245, 108 S. E. 19, Judge Burks, after reviewing the cases as to the power of courts over the verdicts of juries, enunciates the law as follows: "The cases are but typical. Many more could be added. They manifest the great respect that is accorded the verdict of a jury fairly rendered. It is not sufficient that the judge, if on the jury, would have rendered a different verdict. It is not sufficient that there is a great preponderance of the evidence against it. If there is conflict of testimony on a material point, or if reasonably fairminded men may differ as to the conclusions of fact to be drawn from the evidence, or if the conclusion is dependent upon the weight to be given the testimony, in all such cases the verdict of the jury is final and conclusive, and cannot be disturbed, either by the trial court or by this court; or if improperly set aside by the trial court it will be reinstated by this court. But with all the respect that is justly due to the verdict of a jury, and which is freely accorded to it, if there has been 'a plain deviation from right and justice,' even a court of law will not make itself a party to such a wrong by entering up judgment on it. The initial step of the trial court, that of setting aside the verdict, can only be

taken either where there is no evidence at all to support the verdict, or else the verdict is plainly contrary to the evidence, and does not come within the rule above stated. This initial step must be taken under the conditions stated, before the trial court can enter such judgment as to it shall seem right and proper. Such was the state of the law when this statute was proposed and enacted." The case of *Kendricks* v. *City of Norfolk*, 139 Va. 702, 124 S. E. 210, is in line with the law as above set forth. *Davis* v. *McCall*, 133 Va. 487, 113 S. E. 835; and *N. & W. Ry. Co.* v. *Thayer*, 137 Va. 294, 119 S. E. 107.

[6] But for the evidence of "the roar of the train" and that the station signal was blown nearly a mile from the crossing there could be no doubt of the conclusiveness of the jury's verdict. The legislature has made the crossing signals mandatory, and it was not for the court or jury to determine that some other warnings were equally as good. The question it had to determine was not whether one kind of warning was as good as another, but whether, under all the circumstances of the case, the defendant's failure to give the crossing signals as required by statute contributed to the plaintiff's injury. *Atlantic & Danville R. Co.* v. *Reiger, supra,* and *Simmons* v. *Southern R. Co., supra.*

[7] In the instant case the evidence of the defendant tended to prove that the crossing signals were sounded as required by statute; that the roar of the train could be heard for nearly a mile; that the station signal was sounded about a mile from the crossing; that a person approaching the crossing could have seen the train for nearly a mile and that the plaintiff was guilty of *gross negligence* in not looking and listening when due care would have prevented the injury, therefore the plaintiff could not recover. The plaintiff's evidence tended to

prove that he looked to the east when he reached the store and saw no train coming in that direction, then turned his attention to the west as the view from that direction was obstructed by buildings near the track; that when the collision was imminent and the injury unavoidable, he discovered the train in time to jump from the truck and save his life but not in time to stop the truck; that he did not hear the rapidly approaching train, nor any signals of any kind. The question of the concurring negligence of the parties was clearly one of fact for the determination of the jury as well as the apportionment of the fault and their finding was conclusive. The conflict of evidence in the instant case bears a very striking similarity to the case of *C. & O. Ry. Co. v. Gayle, supra*, in which the court held that upon conflicting evidence the verdict of the jury was conclusive.

The case of *Norfolk Southern Railroad Co. v. Banks*, 141 Va. 715, 126 S. E. 662, Special Court of Appeals, page 326, was reversed because the plaintiff's instruction did not call attention of the jury to the effect of the plaintiff's negligence in contributing to his injury. It will be seen that the instruction attempted to cover the plaintiff's entire case and directed a verdict upon proof of the facts therein set out, and declared the rule by which damages were to be ascertained. The principle is well settled that when this is done in an instruction, all the facts necessary to entitle the plaintiff to a recovery must be stated. We think the instruction fails to do this in more than one respect, conspicuously in directing the jury to give "such damages as will compensate him for the pain and suffering which was caused by the collision, and from damages to his automobile." The question presented in the instant case was not before this court in the *Banks Case*, and the case was sent back to be tried upon proper instruction by virtue of

section 3959, *supra.* Whether the negligence of plaintiff was gross or ordinary was not passed upon in that case, and it would seem that that question is entirely for the jury under the statute, subject, of course, to the same control of the court as given by law over verdicts of juries.

The cases cited, of defective appliances under Federal employers' liability act, by counsel for defendant bear no analogy to this case. In these cases the defect in the appliances was a condition of negligence not injurious in itself, but the negligence of the employee was the independent, efficient cause of the injury. In the case under consideration the rapidly moving train toward and over the crossing without giving the statutory crossing signals was one of the contributing causes of the injury as found by the jury, and not a condition of negligence.

In the case of *C. & O. Ry. Co.* v. *Hall,* 109 Va. 296, 63 S. E. 1007, the evidence established the fact that the deceased knew the train was rapidly approaching the crossing and never exercised her senses for her safety, therefore, her own gross negligence was the sole cause of her injury. It would seem from the revisors' note that it was the intent of section 3959 to change the rule of law laid down in this case. But it is not applicable to the facts in the instant case.

There is no evidence in this case that the plaintiff knew the express train was approaching the crossing or that he heard it before it was so near that the collision was unavoidable. Reasonable men might honestly differ as to whether he heard the roar of train and knew it was approaching, therefore, the court could not hold as a matter of law that the plaintiff's negligence was so gross as to bar his recovery, or that with knowledge of the approaching train he heedlessly drove upon the track, and this was the sole proximate cause of his dam-

age. Any other ruling, as was said in *C. & O. Ry. Co.* v. *Crum*, 140 Va. 333, 125 S. E. 306, "would by judicial legislation emasculate the solemn enactments of the legislative branch of the government, as contained in section 3959, Code of 1919, and Acts of Assembly, 1922, page 559, wherein it is provided, in section 3959, that the failure of a traveler to exercise due care is a matter to be considered by the jury only in mitigation of damages."

The judgment of the circuit court is erroneous, and must be set aside, and judgment entered upon the verdict of the jury for the plaintiff.

*Reversed.*