VIRGINIA AVE. COAL CO. *v.* BAILEY

(*Knoxville,* September Term, 1947.)

Opinion filed October 23, 1947.

CALDWELL & BROWN, of Bristol, for plaintiff in error.

BAUMGARDNER & STACY and LYLE BURROW, all of Bristol, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is a suit brought by Bailey against the Coal Company, for personal injuries and property damage he sustained when he drove his automobile into the rear of the Coal Company's truck which was illegally double-parked at night, without lights, on the Virginia side of State Street in Bristol. In the Circuit Court Bailey recovered

judgment for $1,500, which after motion for new trial, was approved by the Trial Judge. On appeal the judgment was affirmed by a majority of the Court of Appeals. On account of the dissenting opinion we granted *certiorari*, have heard argument and the case is before us for disposition.

The weight of the evidence is that the accident occurred in a dark part of the street on a night when it was raining and snowing. Bailey, who was driving his car at a moderate speed of 15 to 20 miles per hour, had his vision impaired not only by the conditions of the weather and the unlighted street, but by the lights of approaching cars. The Company's truck was parked double without lights and in direct violation of the City Ordinance.

The only real question presented by the petition for *certiorari* is whether or not Bailey was guilty of proximate contributory negligence as a matter of law.

In this case, "proximate contributory negligence as a matter of law" is to be determined by the application of Virginia law, of which under Chap. 137, Public Acts of 1943, Code sec. 9773.4, we are required to take judicial notice. Under Virginian law, the definition of "proximate contributory negligence as a matter of law," is practically indentical with our own and is thus given in a recent Virginia case: "If the question of contributory negligence depends on a state of facts, upon which reasonable and fair-minded men might arrive at different conclusions, it is then a question for the jury, and their verdict should not be disturbed. But where the uncontroverted evidence and the direct inferences therefrom are such that reasonable and fair-minded men should not differ in their conclusions, the question then becomes one of law, and must be decided by the Court. *Etheridge* v. *Norfolk Southern R. Co.*, 143 Va. 789, 129 S. E. 680;

*Whiple* v. *Booth,* 155 Va. 413, 154 S. E. 545; *Angell* v. *Mc-Daniel,* 165 Va. 1, 181 S. E. 370." *Yellow Cab Co.* v. *Gulley,* 169 Va. 611, 194 S. E. 683, 685.

In *Main St. Transfer & Storage Co.* v. *Smith,* 166 Tenn. 482, 63 S. W. (2d) 665, the old rule of *West Const. Co.* v. *White,* 130 Tenn. 520, 172 S. W. 301, and *Knoxville Ry., & Light Co.* v. *Vangilder,* 132 Tenn. 487, 178 S. W. 1117, L. R. A. 1916A, 1111, was modified and it was said that "exceptional circumstances" will render the rule inapplicable that it is negligence in law to operate an automobile through darkness at a rate of speed which will not permit the avoidance of an obstruction disclosed by the headlights. In the present case the "exceptional circumstances" are (1) The conditions of the weather, rain and snow, (2) The blinding lights of approaching cars, (3) The double parking of the truck without lights. Therefore, under the *Smith Case, supra,* the jury question was clearly presented.

We find that the law of Virginia, as it is expressed in recent opinions of the Supreme Court of that State, is in accord with the *Smith Case, supra,* and hold it is not the duty of the driver of an automobile, as a matter of law, to operate his vehicle while driving at night, so that he can stop within the range of his lights. *Body, Fender & Brake Corporation* v. *Matter,* 172 Va. 26, 27, 200 S. E. 589, 590. In the *Matter Case, supra,* an earlier *Virginian Case* in which it was contended that it was negligence as a matter of law for the Plaintiff, when blinded by the lights of on-coming cars, not to stop his automobile, was quoted with approval, as follows: "What in such circumstances, is the measure of a man's duty? Undoubtedly there are courts of great ability which hold that, when vision is temporarily destroyed by glaring lights, it is his duty to stop. *House* v. *Ryder,* 129 Me. 135,

150 A. 487; *Hammond* v. *Morrison,* 90 N. J. L. 15, 100 A. 154; *Holsaple* v. *Superintendents of Poor,* 232 Mich. 603, 206 N. W. 529. But this rule, sound in principle, must be applied in the light of present-day traffic conditions. Many highways carry unbroken streams of cars. Sometimes they flash by almost every second, and of necessity their lights obscure vision. To hold as a matter of law that one must come to a stop when lights interfere is to say that he must not travel at night." *Howe* v. *Jones,* 162 Va. 442, 174 S. E. 764, 765.

 It comes back to this: Drivers on highways must use reasonable care, and reasonable care is flexible standard. Sometimes it means a high degree of care. Its presence or absence is preeminently a jury question. *Boggs* v. *Plybon,* 157 Va. 30, 160 S. E. 77.

The case of *Twyman* v. *Adkins,* 168 Va. 456, 191 S. E. 615, is to the same effect. We have found and been cited to no contrary authority in later Virginia cases, and therefore, conclude that the law of that State is the same as our own. It is clearly the majority rule throughout other jurisdictions of the United States. *Hart* v. *Stence,* 219 Iowa 55, 257 N. W. 434, 97 A. L. R. 546.

All assignments of error are overruled, and the judgment of the Court of Appeals is affirmed.

NEIL, C. J., and PREWITT and TOMLINSON, J. J., concur.

BURNETT, J., not participating.