# NORTHERN PACIFIC RAILROAD COMPANY *v.* EVERETT.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NORTH DAKOTA.

No. 188. Submitted December 21, 1893. — Decided March 5, 1894.

A switchman in the employ of a railroad company was directed, in the line of his regular duty, to connect together two cars, one of which was loaded with bridge timbers. The timbers were unusually and dangerously loaded, extending so far over the end of the car as to make the coupling dangerous. The switchman had no notice or knowledge of this fact, and in making the coupling was very severely injured. To an action brought to recover damages for the injury, the railroad company pleaded that the injuries were the result of the switchman's negligence, and not of the negligence of the company, and on the trial asked to have the jury instructed to return a verdict for defendant. The court declined, and instructed the jury on this point, in effect, that they were to find whether the car was or was not properly loaded, and whether the plaintiff, by the exercise of proper diligence, could or could not have discovered the projecting timber before the cars came together and in time

to avoid the danger, and that if he could not, by the exercise of such diligence, have so discovered it, then he was entitled to recover. The jury returned a verdict for the plaintiff. *Held*, that, as there was no conclusive evidence of a want of due care on the part of the switchman in not observing the projecting timber while in discharge of his duty, and while his attention was directed to his work, there was no error or unfairness in these instructions.

WILLIAM J. EVERETT brought an action in the District Court of the Sixth Judicial Circuit of the Territory of Dakota on November 13, 1889, against the Northern Pacific Railroad Company, seeking to recover from it the sum of thirty thousand dollars as damages for injuries received by him in coupling cars owned and controlled by the company, alleging that he had received such injuries while in the employ of the company, as a yard switchman, in its yards at Jamestown, Dakota Territory, and while there engaged in the performance of his regular duties. The accident had happened, as he stated in his complaint, under the following circumstances: On July 6, 1889, he was at work in the yard, and was ordered by the yard foreman to couple together a car loaded with bridge timbers and a box car which was standing upon a side track. The car bearing the timbers was moved by a switch engine. This car was loaded in an unusual and dangerous manner, in that the timbers extended so far beyond each end of the car as to leave insufficient space for coupling with safety. The plaintiff had, however, no notion or knowledge of this fact. He attempted to carry out the orders which he had received, and in so doing his head was caught between the box car and the end of a heavy timber which projected over the end of the other car a distance of twenty-two inches. His injuries, thus received, were of a serious and permanent character, and consisted in the impairment, not only of his physical powers and senses, but also of his mental faculties.

The defendant admitted, in its answer, its ownership and control of the cars mentioned, but denied generally all the other averments of the complaint upon which were founded the plaintiff's alleged right to a recovery from it, and averred that the injuries, if any, received by the plaintiff were the result of his own negligence, and not of that of the defendant.

After the deposition, on behalf of the plaintiff, of a witness residing in the State of Washington had been taken, in pursuance of a commission to take testimony, issued out of the said territorial court, the portion of the Territory in which the action was pending became a part of the State of North Dakota, and before further proceedings were had in the case it was removed into the Circuit Court of the United States for the District of North Dakota, in which court a trial was had before the court and a jury.

On the trial, after all the evidence for both parties had been heard, the defendant moved the court to instruct the jury to return a verdict for the defendant for the reason that the evidence in the case would not warrant a verdict for the plaintiff. The court refused to so instruct the jury, and the defendant excepted to this ruling. The court then instructed the jury as follows:

"The fact that the plaintiff was injured in an effort to couple defendant's cars at the time and place mentioned has not on the trial been contested, but the defendant says the plaintiff's injury was the result of his own negligence, or that his own negligence contributed to his injury; and if this answer of defendant is true, it is a complete defence to this action.

"To entitle the plaintiff to a verdict, he must satisfy you, by a preponderance of the evidence, of these two principal facts: First, that his injury was the result of the negligence of the railroad company; and, second, that his own neglect was not the occasion of the injury, and did not in any manner contribute to it. If the plaintiff's injury resulted from his own negligence, or if his own negligence contributed to his injury, he cannot recover.

"The particular act which the plaintiff alleges constitutes the neglect on the part of the defendant which resulted in his injury is that the flat car, which was in motion, and which he was ordered to couple to a box car standing on the track, was loaded with lumber, which projected twenty-two inches, or about that distance, over the end of the car where the coupling was to be made.

" The first question for you to determine is, was this an unusual or improper or negligent manner of loading lumber on a flat car? If you answer this question in the negative, you need inquire no further, but will return a verdict for defendant.

" If you answer this question in the affirmative, you will then inquire whether such negligent loading of the lumber on the car was the cause of the plaintiff's injury, unmixed with any negligence on his part; and if you find that it was, your verdict will be for the plaintiff.

" The plaintiff was bound to exercise care and diligence in his employment of coupling cars; he was bound to use all his senses as actively and intelligently as any prudent man having a knowledge of the hazardous character of his business would have done under like circumstances. The business is a dangerous one, and imposed on him the duty of exercising great care and caution.

" If the plaintiff saw that the lumber projected over the end of the car before he attempted the coupling, or if he could have seen it if he had exercised great care and diligence, which, under the circumstances, it was incumbent upon him to exercise, then he can claim nothing on account of the injury resulting from such projecting lumber, and the injury must be attributed to his own negligence.

" If you find the lumber was negligently loaded — that is, in an unusual and dangerous manner — and that this fact was unknown to the plaintiff, then when the plaintiff was ordered to couple the cars he had a right to assume that the car was properly loaded, and act on that assumption; but if before the peril was encountered he discovered the projecting lumber, he should have desisted from any effort to make the coupling, or should have made it in some manner that would not have subjected him to injury, if it was practicable for him to do so; and if by the exercise of proper diligence he might have discovered the projecting lumber before the accident, and in time to avoid it, he cannot recover."

The defendant objected to the last paragraph of the foregoing instructions, and moved that it be withdrawn. The motion was denied, to which ruling of the court the defendant

excepted. The case was then submitted to the jury, which rendered a verdict for the plaintiff, and awarded him damages in the sum of seven thousand dollars. Judgment in accordance with the verdict was entered on April 25, 1890. The defendant thereupon sued out a writ of error from this court.

*Mr. James McNaught, Mr. A. H. Garland* and *Mr. H. J. May* for plaintiff in error.

*Mr. S. L. Glaspell* for defendant in error.

M<small>R</small>. J<small>USTICE</small> S<small>HIRAS</small>, after stating the case, delivered the opinion of the court.

While it is true that the defendant company excepted to the court's refusal to give, on the whole evidence, a peremptory charge in favor of the defendant, and has assigned such refusals for error, yet, in the brief of plaintiff in error, the learned counsel have not thought fit to discuss those assignments, but have put their case mainly upon the error alleged to have been committed by the trial court in instructing the jury in the following terms:

"If you find the lumber was negligently loaded — that is, in an unusual manner — and that this fact was unknown to the plaintiff, then when the plaintiff was ordered to couple the cars he had a right to assume that the car was properly loaded, and act on that assumption; but if before the peril was encountered he discovered the projecting lumber, he should have desisted from any effort to make the coupling, or should have made it in some manner that would not have subjected him to injury, if it was practicable for him to do so; and if by the exercise of proper diligence he might have discovered the projecting lumber before the accident, and in time to avoid it, he cannot recover."

The criticism made upon this instruction is that the court erred in stating that Everett had a right to assume that the car was properly loaded, without, at the same time, telling the jury that some portion of the duties of a car inspector were cast upon Everett himself, and that he should have discharged those duties before he undertook the work.

But though the court did say that Everett had a right to assume that the car was properly loaded and to act on that assumption, yet, at the same time, the court told the jury that if Everett had discovered the projecting lumber before the peril was encountered, he should have desisted from his effort to make the coupling, or should have made it in some manner that would not have subjected him to injury, and that if by the exercise of proper diligence he might have discovered the projecting timber before the accident and in time to avoid it, he could not recover.

In effect, the jury were told to find whether the car was or was not properly loaded, and whether the plaintiff, by the exercise of proper diligence, could or could not have discovered the projecting timber before the cars came together and in time to avoid the danger. In other words, the jury were instructed that if the car was negligently loaded, with the sticks of timber extending too far beyond the end of the car, and if the plaintiff could not, in the exercise of proper diligence, have perceived the projecting timber in time to escape, then he was entitled to recover.

We are unable to detect any error or unfairness in these instructions.

It appeared that Everett was a young and inexperienced man; that this was his first service in attempting to couple a car with a projecting load; the duty he was expected to perform gave him no time to narrowly inspect the approaching car or to observe its condition. His attention was not called to the projecting timber until he was in the very act of making the coupling, and when his effort to avoid it was too late. He had first to throw the switch to receive the approaching car, and then run ahead and get ready to put the pin in the drawhead. It was shown that there was no pin in the drawhead of the stationary car, and he was obliged to pick one up and put it in place ready to make the coupling. These duties gave him no opportunity to closely scan the car that was in rapid motion behind him. In such circumstances, when the whole transaction is the work of a moment, and when his duty calls upon him to act promptly, a man cannot be expected

to act with circumspection. At all events, we think that, in view of the fact that the car was improperly loaded, that Everett was new and inexperienced in such work, and that he was required to perform the double duty of throwing the switch and making the coupling, the case was an appropriate one for submission to a jury.

In the case of *Dunlap* v. *Northeastern Railroad Co.*, 130 U. S. 649, 652, we held that the Circuit Court erred in not submitting the question of contributory negligence to the jury, as the conclusion did not follow, as matter of law, that no recovery could be had upon any view which could be properly taken of the facts the evidence tended to establish.

And in *Richmond and Danville Railroad* v. *Powers*, 149 U. S. 443, we said that where in an action against a common carrier to recover damages for injuries there is uncertainty as to the existence of either negligence or contributory negligence, the question is not one of law, but of fact, to be settled by a jury; and this whether the uncertainty arises from a conflict in the testimony, or because the facts, being undisputed, fair-minded men will honestly draw different conclusions from them.

In *Sullivan* v. *N. Y. & N. H. Railroad*, 154 Mass. 524, 527, it was held that the court is not permitted to take from the jury these questions of negligence and to decide them for the jury and for the case, unless the evidence shows that the negligence of the defendant in error was gross and wilful; if it was less than that, then the questions of negligence were for the jury, and are all settled in favor of defendant in error by the verdict.

It is not easy, in a subject of this kind, to lay down unbending rules, and conflicting cases can readily be found. But, without pursuing the subject further, we are satisfied that, in the present case, there was no conclusive evidence of a want of due care on the part of Everett in not observing the projecting timber while he was in the discharge of his duty, and while his attention was directed to the work in which he was engaged.

The judgment of the court below is

*Affirmed.*