## MID-CONTINENT PETROLEUM CORPORATION v. HANE.

### No. 556.

Circuit Court of Appeals, Tenth Circuit.

March 5, 1932.

See, also, 43 F.(2d) 406; 47 F.(2d) 244.

R. H. Wills, of Tulsa, Okl. (J. C. Denton, J. H. Crocker, I. L. Lockewitz, and J. P. Greve, all of Tulsa, Okl., on the brief), for appellant.

C. B. Stuart, of Oklahoma City, Okl. (Holly Anderson, of Sand Springs, Okl., and E. J. Doerner and B. A. Hamilton, both of Tulsa, Okl., on the brief), for appellee.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge.

Leslie L. Landrum was employed by the Mid-Continent Petroleum Corporation on January 12, 1930, to work on an oil and gas lease near Sand Springs, Oklahoma. He was a strong, able-bodied man, 26 years of age. He had worked as an automobile mechanic and in various capacities around oil fields. He had operated pumps and understood machinery.

Near the bank of a small creek was located a gasoline engine and water pump used in pumping water to such lease. Such pump and engine were enclosed in a small wooden building approximately eight feet wide and ten feet long. There was a door about three feet wide in the west side of such building near the southwest corner thereof, and an opening about three feet wide in the south side near the southeast corner, which had been made by removing three boards from the south wall.

The following diagram, made up from the oral evidence introduced, illustrates the location of the machinery and pipes in the building, and the distances between various points, which are material to the question presented on this appeal:

The building and apparatus belonged to the Petroleum Corporation. It will be noted that there was a set of cogwheels at the southeast corner of the pump, a 2x4 extending from the southeast corner of the pump base to a point beyond the east wall, and a 1x6

board extending from the northeast corner of the pump base to the east wall.

On the afternoon of the day he was employed, Landrum was directed by J. D. Forrest, another employee of the Petroleum Corporation, to go to such building and start the engine and pump. Forrest asked Landrum if he knew how to start and operate such machinery, and Landrum replied in the affirmative. About four o'clock in the afternoon of such day Forrest went to the pump-house and asked Landrum how he was getting along. Landrum said, "All right." Shortly thereafter Landrum succeeded in starting the engine. Forrest thereupon went to the creek, filled a five-gallon bucket with water to be used in priming the pump, returned to the pump-house, entered it at the west door and proceeded to the northwest corner where he met Landrum. Forrest handed Landrum the bucket of water and directed him to pour it into the primer funnel. Forrest then stooped down at the engine controls and gave his attention to adjusting the speed of the engine. The water brought by Forrest was insufficient to prime the pump and Landrum had passed out along the east side of the building through the south opening to get more water. After securing the water he returned to the southeast corner, stepped on such 2x4, slipped and fell into the cogwheels. Forrest heard Landrum call out, and found him caught in such cogwheels. As a result Landrum suffered severe injuries from which he died January 14, 1930.

Hane, as administrator, brought this action to recover damages for the pain and anguish which Landrum suffered as a result of such injuries, and for his alleged wrongful death.

The larger of the two cogwheels was about one foot in diameter, and the top thereof was about eighteen inches from the ground. The cogwheels were not guarded as required by sections 7226-7254, C. O. S. 1921.

The distance between the cogwheels and the east wall was approximately fourteen inches, between the flywheels and the south wall two feet, between the iron pump base and the west wall three feet and five inches, between the north end of the engine and the pump discharge pipe one foot, and between such pipe and the north wall one foot. The discharge pipe was about eight inches above the ground. The engine exhaust pipe was about one foot above the ground at the connection with the engine, and it sloped toward the north. The exhaust pipe was of course hot from the exhaust vapors. The primer funnel was about three feet above the ground. A washed out place about one and one-half to two feet in depth, caused by leakage from the pump, extended from a point a few inches east of the east end of the pump base to a point beyond the adjacent wall. The ground about the pump and engine was uneven. It was covered with ice and snow which had thawed on top and made the footing very insecure.

At the close of all the evidence, the Petroleum Corporation moved the court to direct a verdict in its favor on the ground that Landrum was guilty of contributory negligence as a matter of law. This motion was overruled and there was a verdict and judgment for Hane. The Petroleum Corporation has appealed.

Where there are two ways, one comparatively safe and the other dangerous, known to the servant, by means of which he may discharge his duties, it is want of ordinary care for him to select and use the more dangerous way. Beulah Coal Co. v. Verbrugh (C. C. A. 8) 292 F. 34; Williams Cooperage Co. v. Headrick (C. C. A. 8) 159 F. 680; American Linseed Co. v. Heins (C. C. A. 8) 141 F. 45; American Car & Foundry Co. v. Duke (C. C. A. 3) 218 F. 437.

Counsel for the Petroleum Corporation contend that Landrum could have entered either the south or west opening, passed around the west and north sides, and thus reached the primer funnel; that such way was open and obvious, and therefore known to Landrum; and that it was comparatively safe.

They assert that the danger of passing between the unguarded gears and the east wall and stepping from the 2x4 across the washed out place to the 1x6 was obvious, and therefore Landrum was charged with knowledge thereof.

They urge that Landrum was guilty of contributory negligence as a matter of law, and that the trial court erred in overruling their motion for a directed verdict.

The difficulty with counsel's contention is that the route they say Landrum should have chosen was not comparatively safe. Had he taken it, he would have had to walk over uneven, slippery ground. He would have had to pass by two large and rapidly moving flywheels and the end of the revolving shaft upon which they were mounted. When he reached the north side, he would have had to walk in a space one foot in width, either between the north wall and the discharge pipe, or between such pipe and the engine; and he

would have had to step over and lift the bucket over a hot exhaust pipe, which was approximately one foot above the ground. Had he taken such a route and lost his footing, he might have fallen onto the moving flywheels, onto the end of the revolving shaft, or onto the hot exhaust pipe. Furthermore this route was obstructed by Forrest, who was adjusting the engine. Either route which Landrum might have chosen was attendant with danger if he lost his footing.

In determining between two ways of performing his duties, both of which are attendant with danger, a servant is not guilty of contributory negligence, if he makes such a choice as a reasonably prudent man under the circumstances might have made, even if future events indicate that he chose unwisely. Daniels v. Granite Bi-Metallic Consol. Min. Co., 56 Mont. 284, 184 P. 836; Alexander v. Great Northern R. Co., 51 Mont. 565, 154 P. 914, L. R. A. 1918E, 852; Mullery v. Great Northern R. Co., 50 Mont. 408, 148 P. 323; Delmore v. Kansas City Hardwood Flooring Co., 90 Kan. 29, 133 P. 151, 47 L. R. A. (N. S.) 1220.

Where uncertainty as to the existence of contributory negligence arises, either because of a conflict in the testimony or because, the facts being undisputed, fair-minded men will honestly draw different conclusions from them, the question is not one of law for the court but of fact for the determination of the jury. Gunning v. Cooley, 281 U. S. 90, 94, 50 S. Ct. 231, 74 L. Ed. 720; Richmond & Danville R. Co. v. Powers, 149 U. S. 43, 13 S. Ct. 748, 37 L. Ed. 642; Northern Pac. R. Co. v. Everett, 152 U. S. 107, 113, 14 S. Ct. 474, 38 L. Ed. 373; Mason & O. R. Co. v. Yockey (C. C. A. 6) 103 F. 265; Tennessee Coal, I. & Ry. Co. v. Currier (C. C. A. 5) 108 F. 19.

It follows that Landrum was not guilty of contributory negligence as a matter of law, unless it can be said that the danger of the route which he undertook to travel was so great and so obvious that fair-minded men would agree that a person of ordinary prudence under the existing circumstances would not have undertaken it.

Landrum was a young man. He was active and unimpaired physically. He had safely passed along such route shortly before the accident. While the evidence showed that the ground was covered with ice and snow, it did not show that the 2x4 had any ice or snow on it. The cogwheels were small, and the larger one was only about eighteen inches above the ground. The step from the 2x4 to the 1x6 was only two feet and four inches. We are of the opinion that fair-minded men might honestly draw different conclusions as to whether a person of ordinary prudence under the existing facts and circumstances would have attempted to pass by such unguarded gears, and we conclude therefore that the question of contributory negligence was for the jury.

Affirmed.