# Wytheville

W. C. WILKINS v. THOMAS A. DAVIS AND ELNORA J. DAVIS.

June 16, 1932.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and Browning, JJ.

The opinion states the .case.

*E. Peyton Turner*, for the plaintiff in error.

*Smith & Gordon*, for the defendants in error.

GREGORY, J., delivered the opinion of the court.

W. C. Wilkins, proceeding by notice of motion for judgment, alleged that he was entitled to recover damages from the defendants in error on account of personal injuries received by him and the destruction of his Chevrolet automobile occasioned by a collision between his automobile and a truck operated by them. The case was tried by a jury and resulted in a verdict in his favor for $450.00, which the trial court set aside on the ground that it was contrary to the law and the evidence and was without evidence to support it. The court then entered final judgment in the case upon the merits under section 6251 of the Code in favor of the defendants in error.

The sole assignment of error is that the trial court erred in setting aside the verdict and entering the judgment as indicated. No contention is made that there was any error in granting or refusing any of the instructions. The only question here to be answered is whether there was sufficient evidence to support the verdict. This being true it becomes necessary to analyze the evidence.

The evidence discloses these facts:

■   Wilkins was driving his Chevrolet automobile along a highway in Greensville county. It was just about dark and the headlights on his automobile were properly burning. The collision occurred at the extreme western end of a "one-way" bridge which was about twenty feet in length. As Wilkins approached the bridge he was traveling at the rate of twenty-five miles per hour but as he drew nearer the speed of his automobile was reduced to about twenty miles per hour. As he approached he saw the lights of the truck approaching from the opposite direction. He was nearer the bridge than the truck. The truck slowed down or stopped after having turned to the right side of the road about sixty-five yards from the bridge. Wilkins proceeded at twenty miles per hour across and just as he had completely crossed the bridge (the rear wheels of his automobile having cleared the bridge on the west side), the truck ran into his automobile causing the injuries for which he sought damages.

The road was straight on both sides of the bridge but on the west side approaching it, the road descended a steep hill. The truck was traveling down the steep hill heavily loaded, just before it struck the automobile. On the west approach where the truck was traveling, there were guard rails on both sides which protected the approach from that direction. These guard rails connected with the bridge and as they ran from the bridge they gradually broadened to the extent of the width of the road.

Wilkins, when it was too late, observed that the truck was approaching the bridge. He realized that he would not be permitted to pass it, so he cut sharply to his right and ran into the guard rail on that side and simultaneously the truck ran into his automobile.

Thomas A. Davis, one of the defendants in error and the driver of the truck, testified that when he was approximately sixty-five yards from the bridge he "pulled to the right side of the road, and come to a stop, or almost to a

complete stop with a view to determine whether he could proceed on his way over the bridge, observing, as he did, the approach of another car." He further testified that he was driving "a heavily loaded truck and coming down a steep hill on approaching the bridge; that he had been driving over this road thirty years, or more, and knew the bridge was a one vehicle bridge; that he knew that his truck and the approaching car could not pass on the bridge; that he realized when he reached a point twenty-five or thirty yards from the bridge that probably he would not be able to cross the bridge before the approaching car."

Under these facts counsel for the defendants contend that there was no negligence on the part of the driver of the truck. He also contends that Wilkins was guilty of contributory negligence.

The trial court in setting aside the verdict and entering judgment for the defendants in error necessarily held, as a matter of law, that the driver of the truck was not guilty of actionable negligence or that the plaintiff in error, Wilkins, was, as, matter of law, guilty of contributory negligence.

A motion was made to strike the evidence of the plaintiff in error which was overruled and the case was submitted to the jury upon the theory that all questions of negligence in the case were to be determined by the jury. This clearly appears from the instructions given the jury which were not objectionable to either party. In addition to this the court instructed the jury on the doctrine of the last clear chance making the instruction on that doctrine applicable to both sides. So the court also held, as a matter of law, by setting aside the verdict, that the driver of the truck had no last clear chance to have averted the collision.

The jury could have found, from the evidence, that the driver of the truck, after he saw the lights of Wilkins' car, was guilty of actionable negligence in driving a heavily loaded truck down a steep hill, at too great a speed under

the circumstances, or that he could have avoided the collision because he said that at a point twenty-five or thirty yards from the bridge he knew that the automobile and truck could not pass on the bridge. From this the jury could have concluded that he should have stopped the truck within less distance than twenty-five or thirty yards. The jury could have found that the driver of the truck had a last clear chance to have avoided the collision or that the Wilkins car had the right of way because it was first on the bridge, in fact practically across it before the collision. Again the jury could have found that the driver of the truck by turning to the right of the road, sixty-five yards from the bridge and stopping or practically stopping the truck, invited Wilkins to continue across the bridge in which event Wilkins would not have been guilty of contributory negligence in proceeding across.

Wilkins and the driver of the truck were both approaching a one way bridge from opposite directions. They both knew that one or the other would be compelled to yield if they were to pass in safety. One or the other had the right to proceed. Under these circumstances it became the duty of both to exercise ordinary care. Their rights and duties were reciprocal. Wilkins was nearer the bridge than the truck and he had the right to cross over first unless he had notice of some kind that the owner of the truck would not yield. He not only did not have any such notice, but was invited to cross first by the driver of the truck, who indicated by practically stopping his truck and pulling to the right of the road sixty-five yards from the bridge that he was yielding to Wilkins the right to cross over the bridge ahead of him.

In any event we think that there was sufficient evidence to submit to the jury the questions of negligence, contributory negligence and the doctrine of the last clear chance, and they having decided, by their verdict, these questions

adversely to the defendant, on the conflicting testimony of the witnesses, the trial court and this court are bound thereby.

A court has no power to set aside a verdict on the ground that it is contrary to the evidence if there is sufficient evidence to support it. It may be set aside if it is plainly wrong. Section 6251 of the Code did not extend the power of courts over verdicts. It expressly provides that "nothing in this section contained shall be construed to give to trial courts any greater power over verdicts than they now have under existing rules of procedure." Under the law then existing, if there was sufficient evidence to support the verdict, the trial court had no power to set it aside, and that is the rule in Virginia today.

A jury verdict fairly rendered is entitled to great respect. The judge may have rendered a different verdict if he had been upon the jury, but this is not sufficient justification for setting it aside. The verdict may have been against the preponderance of the evidence, but this is not a sufficient reason for disturbing it. Where there is conflict in the evidence upon a material point, or if reasonably fair-minded men may differ as to the conclusions of fact to be drawn from the evidence, or if the conclusion is dependent upon the weight to be given to the testimony, in such cases the verdict is final and conclusive and cannot be disturbed either by the trial court or the appellate court, and where the verdict has been improperly set aside by the trial court, this court will reinstate it. Of course, if there has been "a plain deviation from right and justice" the court will not make itself a party to such wrong by entering a judgment upon a verdict. "The initial step of the trial court, that of setting aside the verdict, can only be taken, either where there is no evidence at all to support the verdict, or else the verdict is plainly contrary to the evidence * * *." *Forbes & Co.* v. *Southern Cotton Oil*

Co., 130 Va. 245, 108 S. E. 15, 19; *Gregory* v. *Seaboard Air Line Ry. Co.*, 142 Va. 750, 756, 128 S. E. 272.

In *Norfolk* v. *Anthony*, 117 Va. 777, 86 S. E. 68, 70, it was said:

■ "It is furthermore well settled by the Supreme Court of the United States and this court, by practically an unbroken line of decisions, that negligence only becomes a question of law to be taken from the jury when the facts are such that fair-minded men can only draw one inference therefrom. If fair-minded men, from the proofs submitted, may honestly differ, as to the negligence charged, the question is not one of law, but one of fact to be determined by the jury under proper instructions from the court. Among the cases adverted to are, *McDermott* v. *Severe*, 202 U. S. 600, 26 S. Ct. 709, 50 L. Ed. 1162; *Richmond & Danville R. R.* v. *Powers*, 149 U. S. 43, 13 S. Ct. 748, 37 L. Ed. 642; *Northern Pac. R. R.* v. *Everett*, 152 U. S. 107, 14 S. Ct. 474, 38 L. Ed. 373; *Winchester* v. *Carroll*, 99 Va. 742, 40 S. E. 37; *Cardwell* v. *N. & W. Ry. Co.*, 114 Va. 512, 77 S. E. 612; *Higgins* v. *Southern Ry. Co.*, 116 Va. 890, 83 S. E. 380."

■ The testimony given by the witnesses for the defendants in error is sharply contradictory of that given by the plaintiff in error, therefore it was for the jury to decide under the evidence, whether or not, the plaintiff in error or the defendants in error were guilty of the negligence which was responsible for the injuries complained of. Neither this court nor the trial court has any right to usurp the functions of the jury. Neither court has the right to substitute its judgment for theirs, where there is conflicting evidence on a material point. We think the verdict was supported by the evidence.

The verdict of the jury in favor of the plaintiff in error is reinstated and judgment in his favor is now entered thereon.

*Reversed.*