# Richmond

## VIRGINIA ELECTRIC AND POWER COMPANY v. WALTER C. MORGAN'S ADMINISTRATOR.

March 22, 1934.

Present, All the Justices.

The opinion states the case.

*T. Justin Moore, Archibald G. Robertson* and *W. H. Venable,* for the plaintiff in error.

*James· G. Martin* and *Reuben E. Spandorfer,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Harry H. Kanter, administrator of Walter C. Morgan, deceased, instituted an action by notice of motion for judgment against the Virginia Electric and Power Company to recover damages for the wrongful death of the deceased which resulted from a collision between one of the buses operated by the power company and an automobile which was being operated by Morgan. The collision occurred in a business district in the city of Norfolk at the intersection of Boush and Bute streets. The case was tried by a jury and resulted in a verdict in favor of the administrator for $3,000.00 which the court refused to set aside but entered judgment thereon.

The parties will be referred to as the plaintiff and the defendant, the positions they occupied in the trial court.

The grounds of negligence specified in the notice of motion and particularized in the bill of particulars are, briefly: That the bus driver was not keeping a proper lookout; that he did not have control of the bus; that he failed to give the plaintiff's decedent any warning; that he drove the bus on the wrong side of Boush street; that he failed to yield to Morgan the right-of-way, and that he was driving the bus too fast.

The defendant company filed, in addition to the general issue denying the negligence charged against it, its grounds of defense, in which it was asserted that Morgan was guilty of contributory negligence in driving his automobile, immediately prior to the collision, at an excessive rate of speed; that he failed to keep a proper lookout; that he failed to keep his automobile under complete control; that he failed to sound his horn or to give any warning of his approach, and that he failed to yield the right-of-way to the defendant's bus.

The material facts, stated in view of the verdict and judgment of the court against the defendant company, are as follows: Boush street runs approximately north and south while Bute street runs approximately east and west. The bus was being driven south on Boush street as it approached the intersection. The automobile which

was being driven by the plaintiff's decedent was approaching the intersection on Bute street and was being driven in an easterly direction. The collision occurred at approximately ten o'clock on Christmas night. There was no traffic officer or traffic light at the intersection to control traffic.

There was considerable testimony introduced on behalf of the plaintiff, which tended to show that at the time, the bus was being driven to the left of the center of Boush street at a rate of speed in excess of thirty-five miles per hour, and that its speed was not slackened prior to the collision. The plaintiff's testimony also tended to show that Morgan was driving his automobile on his right side of Bute street at from twelve to fifteen or twenty miles per hour. Morgan had almost passed over the intersection when the right front of the bus crashed into the left side of his car. There was a terrific impact and the automobile was knocked or pushed sideways for a distance of some twenty-two feet. There was evidence which tended to show that if the bus had been proceeding on its right side of Boush street, Morgan would have cleared it and the collision would have been avoided. Morgan died as a result of the injuries he received in the collision.

The assignment of error in substance is that the evidence is not sufficient to establish the negligence of the defendant company, and that if the defendant company were negligent Morgan was guilty of such contributory or concurring negligence as barred any right of recovery on the part of his administrator.

There is considerable conflict in the testimony as to the speed of the bus, the position in Boush street that it was being driven and the exact point of impact. There is also considerable conflict in the testimony as to the speed of the car which was being driven by Morgan but in view of the verdict of the jury and the judgment of the trial court these conflicts have been resolved against the defendant company. The verdict, which in our opinion is

supported by sufficient evidence and the judgment of the court approving it, establishes that the defendant company was negligent in operating the bus at a speed in excess of thirty-five miles per hour at the time, and in operating it to the left of the center of the street. The failure of the bus driver to give any warning of his approach is conceded.

The question of the negligence of the defendant company and the contributory negligence of Morgan were submitted to the jury under complete and fair instructions given by the court, three of which were offered by the plaintiff and ten of which were offered by the defendant company.

No question has been raised as to the law applicable to this case which was properly defined in the instructions, nor is there any assignment of error touching the admissibility or rejection of any of the evidence, therefore, under Code, section 6363, the judgment of the trial court will not be set aside, unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it.

The defendant company now seeks to have this court decide as a matter of law that it was guilty of no actionable negligence which proximately contributed to the death of the plaintiff's decedent, or, if it were guilty of such negligence, that Morgan was guilty of such contributory negligence as would bar a recovery by his administrator.

Ordinarily these questions are for the jury. They only become questions of law for the court when the evidence is uncontroverted.

No doubt the jury believed the testimony of the plaintiff that the driver of the bus was guilty of driving the same too fast under the circumstances; that he was driving it to the left of the center of the street; that he failed to yield the right-of-way; and that he gave no warning of his approach. The jury also believed that these acts of negligence were the proximate cause of the

death of Morgan, for they have so expressed themselves by their verdict, which as we have already stated, was supported by the evidence.

Was Morgan guilty of contributory negligence as a matter of law which would prevent any recovery by his administrator? We think there was sufficient evidence to submit this question to the jury. Whether Morgan exercised ordinary care for his safety at the time and place and under the conditions then existing was purely a question for the jury. He had the prior right to cross over the intersection not only by virtue of the statute but also by reason of the fact, which was also established by the verdict, that he was in the intersection before the bus arrived there. He had the right to assume that the bus would yield to him the right-of-way and that it would be driven on its proper side of the street, unless there existed some fact or circumstance that would put him on notice that the bus driver intended to violate the law, usurp the right-of-yay and drive on the wrong side of Boush street, or that Morgan by his own misconduct had forfeited his right-of-way. There is no evidence which even tends to show that Morgan had any notice that the bus driver would persist in taking the right-of-way and persist in driving on the wrong side of the street. Whether Morgan forfeited his right-of-way by excessive speed was for the jury.

There is no difficulty about the principles of law which control in cases of this kind. Often it is difficult to apply those principles to the varying facts in the cases that are presented but in the case at bar the controlling principles are easily applied. The sole questions here are whether the negligence of the defendant company and contributory negligence of Morgan, if any existed, were for the court or for the jury to determine. We think they were for the jury and that this case is governed by the principles stated in *Forbes & Co.* v. *Southern Cotton Oil Co.*, 130 Va. 245, 108 S. E. 15, 19; *Gregory* v. *Seaboard Air Line Ry. Co.*, 142 Va. 750, 128 S. E. 272; *Norfolk* v. *Anthony*, 117 Va.

777, 86 S. E. 68; *City of Winchester* v. *Carroll,* 99 Va. 727, 40 S. E. 37; *Cardwell* v. *N. & W. Ry. Co.,* 114 Va. 512, 77 S. E. 612; *Higgins* v. *So. Ry. Co.,* 116 Va. 890, 83 S. E. 380; *Wilkins* v. *Davis,* 158 Va. 763, 164 S. E. 649; and *Whipple* v. *Booth,* 155 Va. 413, 154 S. E. 545.

The parties have had a fair trial of the case. The jury were fully and fairly instructed and an experienced and competent trial judge who presided over the court has approved that verdict. In addition to the weight given the judgment of the trial court in this case, there has been no error pointed out to this court which would justify a reversal.

The judgment is affirmed.

*Affirmed.*